Thomas M. Butler, Appellant, v. New Amsterdam Casualty Company, Respondent.— Action by an assured on a policy of automobile accident insurance. In a negligence action judgment was entered against plaintiff herein, and the judgment has been affirmed by this court. Plaintiff seeks herein to recover a sum of money from the defendant insurer. The defendant offered evidence that the policy was void from the beginning because the named assured had breached the warranty of exclusive ownership made in the policy and that defendant had not waived the breach. Further evidence was offered that plaintiff had not paid the judgment rendered against him nor any part thereof. The jury found a general verdict for defendant. The appeal is by plaintiff from the judgment entered on the verdict and from an order denying his motion to set aside the verdict and for a new trial. Judgment and order affirmed, with costs. No opinion. Carswell, Davis and Adel, JJ., concur; Hagarty and Close, JJ., dissent and vote for reversal and a new trial, with the following memorandum: The defendant agreed to insure the plaintiff " against loss from the liability imposed by law upon the Assured for damages," etc. Condition E of the policy specifies that no action by the assured will lie against the company " until the amount of the damages for which the Assured is liable * * * is determined, either by a final judgment

against the Assured or," etc. Thus, by the terms of the contract, the defendant's liability is determined, not by payment of a judgment recovered, but by the finality of the judgment. It was error, therefore, to submit to the jury the question of whether the judgment against the plaintiff had in fact been paid. To such submission the plaintiff excepted. It is impossible to say whether the case turned upon this question or not. Consequently, there should be a new trial.